UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRI MCCLURE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY LLC,<br><br>Defendants. | First Amended Complaint - Collective and Class Action<br><br>Jury Trial Demanded<br><br>Civil Case No.: 4:26-cv-00072-CMS |

**<u>FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND</u>**

Plaintiff, Jerri McClure ("Plaintiff"), individually and on behalf of all other similarly situated persons, by and through her attorneys, hereby brings this First Amended Collective/Class Action Complaint against Defendants Centene Corporation and Centene Management Company LLC ("Defendants"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action, individually and as a collective action on behalf of all other hourly-paid, non-exempt call center workers employed by Defendants who elect to opt in to this action to recover unpaid wages and unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.

2. Plaintiff also brings this action under Federal Rule of Civil Procedure 23 on behalf of herself, individually, and hourly-paid, non-exempt call center workers employed by Defendants in Missouri, to recover unpaid wages, unpaid overtime wages, statutory damages, penalties, interest, liquidated damages, and reasonable attorneys' fees, and costs under applicable state wage-and-hour laws, including the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, et seq. ("MMWL") and Mo. Rev. Stat. § 290.110.

3. Defendants are Delaware business entities headquartered in St. Louis, Missouri, with their principal place of business located at 7700 Forsyth Boulevard, St. Louis, Missouri 63105.

4. Defendants are managed healthcare entities that administer government-sponsored and commercial health insurance plans to their clients and customers.

5. Defendants operate call center operations, including in Missouri, where Plaintiff and other similarly situated hourly-paid call center workers are employed.

6. Plaintiff and the putative FLSA Collective and Rule 23 Class members are hourly-paid call center workers who worked for Defendants within the applicable limitations periods and who were deprived of proper wages as a result of the following unlawful policies and practices maintained by Defendants:

a. Failing to pay hourly, non-exempt call center employees for all hours worked before their scheduled shifts, including time spent booting up computers, logging into multiple required computer and telephony systems, troubleshooting system or connectivity issues, and otherwise preparing to be "call ready," while prohibiting or discouraging employees from recording that time as compensable work time;

b. Failing to pay hourly, non-exempt call center employees for all hours worked after their scheduled shifts, including time spent completing customer calls received near the end of the shift, logging out of required systems, closing programs, and completing related end-of-shift tasks, while discouraging or refusing to record or pay for time worked beyond scheduled shift end times; and

c. Failing to pay all earned wages due upon termination or discharge, including all unpaid wages earned before and at the time of separation.

7. As a result of these policies and practices, Defendants fail to pay Plaintiff and similarly situated hourly-paid call center workers for all hours worked, including hours worked over forty (40) in a workweek, and fail to pay them time-and-a-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA and applicable state wage laws.

8. Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective," defined as:

> *All hourly-paid, non-exempt call center workers who worked for Defendants in the United States or any other place covered by the FLSA at any time from three (3) years prior to the commencement of this action through the date of judgment.*

9. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid call center workers of Defendants, informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

10. Plaintiff asserts Missouri wage claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of the "Missouri Rule 23 Class," defined as:

> *All hourly-paid, non-exempt call center workers employed by Defendants in the State of Missouri at any time from three (3) years prior to the commencement of this action through the date of judgment.*

11. Plaintiff also asserts a Missouri final-wage claim under Mo. Rev. Stat. § 290.110 individually and pursuant to Fed. R. Civ. P. 23 on behalf of the "Missouri Final-Wage Subclass" defined as:

> *All members of the Missouri Rule 23 Class who, within five (5) years preceding the commencement of this action through the date of final judgment, were discharged by Defendants, or whose employment Defendants refused to further continue.*

12. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

**JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, et seq.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

15. The Court has general personal jurisdiction over Defendants because they are domiciled in Missouri and maintain their headquarters and principal place of business in Missouri.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

17. Defendants are Delaware business entities headquartered in St. Louis, Missouri, with principal places of business located at 7700 Forsyth Boulevard, St. Louis, Missouri 63105.

18. Defendant Centene Corporation, together with Defendant Centene Management Company LLC, exercised control over the wages, hours, and working conditions of Plaintiff and similarly situated hourly-paid call center employees.

19. Defendant Centene Management Company LLC served as the payroll entity for such employees, while Defendant Centene Corporation exercised operational control, including hiring, training, supervision, provision of work equipment and systems, access to information technology, and termination decisions.

20. Defendants Centene Corporation and Centene Management Company LLC, therefore, acted as joint employers of Plaintiff and the putative Collective and Class members.

21. Plaintiff Jerri McClure is currently a resident of Tarrant County, Texas and was a resident of St. Louis, Missouri during the entirety of her employment with Defendants.

22. Plaintiff was employed by Defendant Centene Corporation as an hourly, non-exempt call center employee from approximately November 1, 2022 through July 15, 2025. McClure's job duties included working in call center roles providing member services and customer support in support of Defendants' health insurance operations.

23. Plaintiff performed work for Defendants in Missouri remotely from her home in St. Louis, Missouri.

24. Plaintiff's written consent to become an FLSA party plaintiff was filed with the original Complaint.

## FACTUAL ALLEGATIONS

25. Defendants operate managed healthcare and health plan administration services, including administering government-sponsored and commercial health insurance plans and providing member services and customer support through call center operations.

26. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

27. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

28. Defendants employ two or more employees engaged in commerce or in the production of goods for commerce, or employees who handle, sell, or otherwise work on goods or materials that are moved in or produced for commerce by any person.

29. Hourly, non-exempt call center employees are subject to FLSA coverage on an individual basis because their job duties involve regularly and recurrently engaging in telephone calls and electronic communications with persons outside of the states in which they work.

30. Defendants are the "employer" of hourly, non-exempt call center employees within the meaning of the FLSA, MMWL, and Mo. Rev. Stat. § 290.110.

31. Hourly, non-exempt call center employees are "employees" of Defendants within the meaning of the FLSA, MMWL, and Mo. Rev. Stat. § 290.110.

32. Hourly, non-exempt call center employees' primary job duties include handling inbound and outbound telephone calls and electronic communications to provide member services, benefits information, and other customer support related to Defendants' health insurance operations.

33. Hourly, non-exempt call center employees are compensated on an hourly basis, are classified as non-exempt, and work in substantially similar call center roles, regardless of job title, including customer service representative, healthcare customer service representative, call center agent, and similar positions.

34. Defendants are required to compensate hourly, non-exempt call center employees for all hours worked, including time spent performing work-related activities that were integral and indispensable to their principal job duties as call center employees.

35. Defendants require hourly, non-exempt call center employees to record their work time using electronic timekeeping systems, including Dayforce and/or other timekeeping systems provided or approved by Defendants.

36. Defendants regularly suffer and permit hourly call center employees to work more than forty (40) hours per workweek.

37. Defendants assign hourly call center employees fixed daily work schedules consisting of full shifts, generally scheduled for eight (8) hours or more, and with employees expected to be available to handle inbound calls throughout their scheduled workday.

38. Hourly, non-exempt call center employees work scheduled daily shifts, Monday through Friday, and are expected to be ready to begin handling calls at the designated start of each shift.

39. Defendants require hourly, non-exempt call center employees to be fully logged into multiple required systems and ready to begin handling calls by the scheduled start of the shift, while also maintaining a practice that employees cannot or should not treat system start-up and log-in work as compensable time.

40. To meet Defendants' call-readiness requirements, hourly, non-exempt call center employees routinely perform work-related tasks before their scheduled start time, including powering on their computers and logging into multiple required programs and systems necessary to perform their job duties, including call-handling platforms, timekeeping systems,

customer/member databases, telephony systems, messaging platforms, and other required applications.

41. Regularly, hourly, non-exempt call center employees experience delays in completing required system logins because required programs do not load reliably or require troubleshooting, sometimes requiring employees to wait for systems to load, reenter credentials, contact information technology support, or otherwise resolve access issues before they are permitted or practically able to begin recording paid work time.

42. Defendants instruct, train, direct, or pressure hourly, non-exempt call center employees not to clock in or otherwise record paid time until after all required systems are open, operational, and ready for use.

43. Defendants' supervisors and managers enforce these practices by messaging, reprimanding, correcting, or disciplining employees who attempt to clock in before completing required system logins or before they are ready to begin taking calls.

44. As a result, Plaintiff and similarly situated employees routinely perform compensable pre-shift work off the clock and without pay.

45. Defendants also require hourly, non-exempt call center employees to complete calls that extend beyond scheduled shift end times and to complete end-of-shift tasks after their scheduled shift ends, including logging out of required systems, closing programs, sending messages or emails to supervisors, and completing call-related tasks.

46. Defendants instruct, train, direct, or pressure hourly, non-exempt call center employees to clock out at scheduled end times or before completing all shutdown or call-related duties, even when they remain engaged in compensable work.

47. Defendants discourage, deny, or fail to process requests to record post-shift work time, including time spent completing calls, logging out of systems, and completing call-related duties after scheduled shift end times.

48. Defendants fail to ensure that all such pre-shift, post-shift, and other unpaid work time is recorded and paid.

49. Because Plaintiff and similarly situated employees were scheduled to work approximately forty (40) hours or more per week, the unpaid pre-shift, post-shift, and other unpaid work time regularly caused them to work more than forty (40) hours in a workweek without receiving all overtime compensation owed.

50. For example, Defendants' payroll records reflect that, during the pay period from December 1, 2024 through December 14, 2024, Plaintiff was paid for 80.00 regular hours and 3.05 overtime hours, for a total of 83.05 recorded paid hours. During that same pay period, Plaintiff also performed unpaid pre-shift system-startup and login work and unpaid post-shift call-completion, logout, and shutdown work, which caused her to work additional overtime hours for which she was not paid.

51. Plaintiff was instructed that she could not clock in until all required systems were open and ready, and she understood that supervisors would message or reprimand employees who clocked in before completing required logins.

52. Plaintiff was also required to complete calls received near the end of her shift under Defendants' one-call-resolution practice and was discouraged or prevented from recording all post-shift time worked.

53. Plaintiff complained regarding unpaid time and was terminated after attempting to record overtime or additional time worked, leaving unpaid wages due and owing at the time of discharge.

54. Defendants discharged Plaintiff, or refused to further employ her, on or about July 15, 2025.

55. At the time of Plaintiff's discharge or Defendants' refusal to further employ her, Plaintiff had earned wages at her contract rate for compensable work performed for Defendants.

56. Those earned wages included, without limitation, wages for compensable pre-shift work, wages for compensable post-shift work, wages for other unpaid periods, and wages or overtime premium compensation affected by Defendants' timekeeping, payroll, and off-the-clock work practices.

57. Upon information and belief, Defendants did not pay Plaintiff all unpaid wages earned at her contract rate on the date of her discharge or Defendants' refusal to further employ her.

58. Plaintiff requested, demanded, complained about, or otherwise sought payment of wages that Defendants failed to pay.

59. On January 16, 2026, after Plaintiff's discharge, Plaintiff McClure filed the original Complaint in this action seeking recovery of unpaid wages due from Defendants, which constituted a written request for payment of wages due under Mo. Rev. Stat. § 290.110.

60. Defendants discharge, or refuse to further employ, hourly-paid call center workers and other similarly situated hourly-paid employees in Missouri.

61. Defendants maintain payroll, timekeeping, personnel, termination, system-login, call, scheduling, and wage-payment records showing the employees who were discharged or

whose employment Defendants refused to further continue, their final dates of employment, their contract rates of pay, their final pay periods, the wages credited and paid, the wages excluded from paid time, and the amounts paid in final wages.

62. For Plaintiff and members of the Missouri Final-Wage Subclass, Defendants' common timekeeping, payroll, call-readiness, call-completion, and off-the-clock work practices resulted in unpaid wages earned at the employees' contract rates remaining unpaid as of the date of discharge or refusal to further employ.

63. Such unpaid wages include compensable pre-shift work, compensable post-shift work, compensable work performed during other unpaid periods, compensable work time excluded from paid hours, and wages or overtime compensation not paid because Defendants failed to properly record, credit, and pay all hours worked.

64. Upon information and belief, Defendants did not pay Plaintiff and members of the Missouri Final-Wage Subclass all unpaid wages earned at their contract rates on the date of discharge or refusal to further employ.

65. Plaintiff's original Complaint in this action, filed after her discharge, constituted a written request for payment of wages due under Mo. Rev. Stat. § 290.110. Upon information and belief, Defendants failed to provide the money due, or a valid check therefor, within seven days of that written request. Members of the Missouri Final-Wage Subclass are entitled to statutory penalty wages where the statutory written-request and nonpayment requirements are satisfied.

66. Defendants' liability to the Missouri Final-Wage Subclass can be determined through common payroll, timekeeping, final wage, termination, personnel, wage-payment, system-login, scheduling, and call records.

67. Defendants' failure to record and pay Plaintiff and similarly situated employees for all compensable work was the result of common policies, practices, procedures, instructions, training, and/or supervisory enforcement that applied uniformly or similarly to hourly, non-exempt call center employees.

68. Defendants knew or should have known that Plaintiff and similarly situated employees were performing compensable work before clocking in and after clocking out because Defendants controlled the required systems, monitored employee logins, tracked call and system activity, communicated with employees through messaging platforms, and supervised employees' adherence to call-readiness and call-completion requirements.

69. Defendants' timekeeping and payroll practices failed to capture all compensable work performed by Plaintiff and similarly situated employees and resulted in the failure to pay all straight-time wages, minimum wages, overtime wages, final wages, and other compensation owed.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiff brings Count I as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all members of the FLSA Collective.

71. The FLSA Collective members are similarly situated because they were subject to Defendants' common policies and practices requiring or permitting unpaid pre-shift work, post-shift work, and other off-the-clock work in connection with Defendants' call center operations.

72. The FLSA Collective members performed the same or similar job duties as Plaintiff, were paid on an hourly basis, were classified as non-exempt, used Defendants' required systems and timekeeping practices, and were subject to the same or similar call-readiness, call-completion, and off-the-clock work practices.

73. Defendants' unlawful policies and practices were uniform or substantially similar across the FLSA Collective and resulted in unpaid straight-time and overtime wages.

74. The exact size and identity of the FLSA Collective can be determined from Defendants' records, including personnel, payroll, timekeeping, scheduling, system-login, call, and contact information records.

**RULE 23 CLASS ACTION ALLEGATIONS**

75. Plaintiff brings her state-law claims as class actions pursuant to Fed. R. Civ. P. 23 on behalf of the Missouri Rule 23 Class and Missouri Final-Wage Subclass.

76. The members of each Rule 23 Class are so numerous that joinder of all Class members is impracticable. The precise number of Class members is known by Defendants and may be determined from Defendants' personnel, payroll, timekeeping, scheduling, system-login, call, and contact information records.

77. There is a well-defined community of interest among the Rule 23 Class members, and common questions of law and fact predominate in this action over any questions affecting each individual Class member.

78. There are questions of law and fact common to the Rule 23 Classes, including whether Defendants required or permitted unpaid pre-shift work; whether Defendants required or permitted unpaid post-shift work; whether Defendants failed to pay all overtime wages; whether Defendants failed to pay all minimum or straight-time wages owed; whether Defendants failed to pay all final wages due upon discharge; whether Defendants' violations were willful; and the proper measure of damages, penalties, interest, fees, and costs.

79. Plaintiff's claims are typical of the claims of the Rule 23 Classes because Plaintiff and the Class members were subject to the same or similar policies and practices and were injured by the same course of conduct.

80. All Class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages for all compensable work performed, including off-the-clock work before and after scheduled shifts. Thus, there are common questions of law and fact that apply to each and every one of the Class members.

81. Plaintiff will fairly and adequately protect the interests of the Rule 23 Classes and has retained counsel who are qualified and experienced in the prosecution of wage-and-hour collective and class actions.

82. Plaintiff and her counsel do not have interests that are contrary to or conflicting with the interests of the Rule 23 Classes.

83. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff's claims arise from the same legal theories as all other Class members. Therefore, this case will be more manageable and efficient as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case.

84. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

85. The identity of the members of the Missouri Final-Wage Subclass; the hours they worked; the wages paid to them; their final dates of employment; their discharge or separation status; their contract rates; their final wage payments; and the existence, form, and timing of written wage-payment requests where applicable, including Plaintiff's written request by way of the original Complaint, are ascertainable from Defendants' payroll, timekeeping, personnel, termination, wage-payment, system-login, scheduling, and call records and the docket in this action.

86. Common questions of law and fact include, but are not limited to, whether Defendants discharged or refused to further employ members of the Missouri Final-Wage Subclass; whether such employees had unpaid wages earned at their contract rates on the date of discharge or refusal to further employ; whether Defendants failed to pay such wages on that date; whether Plaintiff's original Complaint constituted a written request for payment of wages due under Mo. Rev. Stat. § 290.110; whether, and for which Missouri Final-Wage Subclass members, the statutory written-request requirement is otherwise satisfied; whether Defendants failed to provide the money due, or a valid check therefor, within seven days of any qualifying written request; whether Defendants owe unpaid final wages and statutory penalty wages under Mo. Rev. Stat. § 290.110; and whether Defendants' final-wage practices can be proven through common records.

87. Plaintiff's Missouri final-wage claim is typical of the claims of the Missouri Final-Wage Subclass because Plaintiff and members of the Subclass were discharged or refused further employment, had unpaid wages earned at their contract rates on the date of discharge or refusal to further employ, and were injured by Defendants' common failure to pay all wages due at separation.

88. All Missouri Final-Wage Subclass members were treated the same or similarly by Defendants with respect to final-wage practices, including the failure to pay all wages earned and due at discharge or refusal to further employ. Accordingly, common questions of law and fact apply to the Missouri Final-Wage Subclass.

89. Plaintiff and the Rule 23 Class members demand a trial by jury.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
**Failure to Pay Overtime Wages**

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. 29 U.S.C. § 207(a)(1) provides, in pertinent part, that "no employer shall employ any of his employees" for a workweek longer than forty hours unless such employee receives compensation for the hours above forty "at a rate not less than one and one-half times the regular rate at which he is employed."

92. Defendants suffered and permitted Plaintiff and the FLSA Collective members to work over forty (40) hours a week in many workweeks.

93. As a result of the policies and violations alleged herein, including but not limited to Defendants' failure to pay for required pre-shift work, post-shift work, and other off-the-clock work, Defendants failed to pay Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) hours.

94. As a result of the policies and violations alleged herein, Defendants failed to pay Plaintiff and the FLSA Collective members overtime pay at a rate of 1.5 times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

95. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

96. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violations pursuant to 29 U.S.C. § 255(a).

97. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover unpaid overtime wages, straight-time wages for all unpaid hours worked to forty (40) in weeks in which overtime wages are owed, liquidated damages, reasonable attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Plaintiff McClure, Individually and on behalf of the Missouri Rule 23 Class)**
**Violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, et seq.**
**Failure to Pay Overtime Compensation**

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. Mo. Rev. Stat. § 290.505 provides, in pertinent part, that "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

100. Defendants suffered and permitted Plaintiff McClure and the Missouri Rule 23 Class members to work over forty (40) hours a week in many workweeks.

101. As a result of the policies and violations alleged herein, Defendants failed to pay Plaintiff and the Missouri Rule 23 Class members for all hours worked in excess of forty (40) hours in a workweek.

102. As a result of the policies and violations alleged herein, Defendants failed to pay Plaintiff and the Missouri Rule 23 Class members overtime pay at a rate of 1.5 times their regular rates of pay, in violation of Mo. Rev. Stat. § 290.505.

103. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

104. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Missouri Rule 23 Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover all unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other relief pursuant to the MMWL.

**COUNT III**
**(Plaintiff McClure, Individually and on behalf of the Missouri Rule 23 Class)**
**Violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, et seq.**
**Failure to Pay All Wages Due**

105. Plaintiff re-alleges and incorporates all previous paragraphs herein.

106. Mo. Rev. Stat. §§ 290.500, et seq. requires employers to pay their employees at least minimum wage for all hours worked.

107. Defendants were contractually and legally obligated to pay Plaintiff and the Missouri Rule 23 Class members for all hours worked.

108. As a result of the policies and violations alleged herein, Defendants failed to pay Plaintiff and the Missouri Rule 23 Class members their wages for all hours worked, including compensable pre-shift, post-shift, and off-the-clock work, in violation of Mo. Rev. Stat. § 290.502 and related provisions of the MMWL.

109. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

110. As a result of Defendants' conduct described above, Plaintiff and the Missouri Rule 23 Class members were illegally deprived of compensation earned, in such amounts to be

determined at trial, and are entitled to recover all unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other relief pursuant to the MMWL.

**COUNT IV**
**(Plaintiff McClure, Individually and on behalf of the Missouri Final-Wage Subclass)**
**Violation of Mo. Rev. Stat. § 290.110**
**Failure to Pay Wages Due Upon Discharge**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. Mo. Rev. Stat. § 290.110 provides that whenever any person, firm, or corporation doing business in Missouri discharges, with or without cause, or refuses to further employ any servant or employee, "the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ."

113. Mo. Rev. Stat. § 290.110 further provides that the discharged employee may request in writing that the money due, or a valid check therefor, be sent to an office or station where a regular agent is kept, and that if the money due or valid check does not reach the station or office within seven days of the written request, "as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid," subject to the statutory cap.

114. Defendants are persons, firms, corporations, employers, or entities doing business in Missouri within the meaning of Mo. Rev. Stat. § 290.110.

115. Plaintiff and members of the Missouri Final-Wage Subclass were employees or servants of Defendants within the meaning of Mo. Rev. Stat. § 290.110.

116. Defendants discharged Plaintiff and members of the Missouri Final-Wage Subclass, or refused to further employ them, during the applicable limitations period.

117. At the time of discharge or refusal to further employ, Plaintiff and members of the Missouri Final-Wage Subclass had unpaid wages earned at their contract rates, without abatement or deduction.

118. Defendants failed to pay Plaintiff and members of the Missouri Final-Wage Subclass all such unpaid wages on the day of discharge or refusal to further employ, as required by Mo. Rev. Stat. § 290.110.

119. Plaintiff's original Complaint in this action, filed after her discharge, constituted a written request for payment after discharge under Mo. Rev. Stat. § 290.110. Members of the Missouri Final-Wage Subclass are entitled to statutory penalty wages where the statutory written-request and nonpayment requirements are satisfied.

120. Defendants failed to pay Plaintiff and members of the Missouri Final-Wage Subclass all wages due as required by Mo. Rev. Stat. § 290.110.

121. As a result of Defendants' violations of Mo. Rev. Stat. § 290.110, Plaintiff and members of the Missouri Final-Wage Subclass are entitled to recover unpaid wages earned at their contract rates and due on the day of discharge or refusal to further employ.

122. Plaintiff is further entitled to recover statutory penalty wages under Mo. Rev. Stat. § 290.110 because the original Complaint constituted a written request for payment after discharge and Defendants failed to pay the wages due within seven days. Members of the Missouri Final-Wage Subclass are likewise entitled to recover statutory penalty wages where the statutory written-request and nonpayment requirements are satisfied, together with interest, costs, and all other relief permitted by law.

123. Defendants' records identify the members of the Missouri Final-Wage Subclass and permit calculation of unpaid wages, final wages due, written-request timing where applicable, payment timing, and statutory penalty wages through common proof.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Jerri McClure, on behalf of herself, the FLSA Collective, the Missouri Rule 23 Class, and the Missouri Final-Wage Subclass respectfully request that this Court grant the following relief against Defendants Centene Corporation and Centene Management Company LLC:

A. A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act;

B. A declaratory judgment that Defendants' wage practices alleged herein violate the MMWL and Mo. Rev. Stat. § 290.110;

C. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

D. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with respect to the Missouri claims set forth herein;

E. Ordering Defendants to disclose in computer-readable format, or in print if no computer-readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA Collective and Rule 23 Class members;

F. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective and Rule 23 Class members, including the publishing of notice in a manner reasonably

calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

G. Designating Plaintiff as representative of the FLSA Collective and Rule 23 Classes in this action;

H. Designating the undersigned counsel as counsel for the FLSA Collective and Rule 23 Classes in this action;

I. Judgment for damages for all unpaid overtime wages and liquidated damages, and other relief to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA;

J. Judgment for damages for unpaid wages, liquidated damages, pre- and post-judgment interest, and other relief to which Plaintiff and the Missouri Rule 23 Class members are lawfully entitled under the MMWL;

K. Judgment for all unpaid wages earned at contract rates and due on the date of discharge or refusal to further employ, and statutory penalty wages under Mo. Rev. Stat. § 290.110, including as to Plaintiff based on the original Complaint serving as a written request for payment after discharge, and as to Missouri Final-Wage Subclass members to the extent the statutory written-request and nonpayment requirements are satisfied;

L. Service award for Plaintiff for serving as representative of the FLSA Collective and Rule 23 Classes in this action;

M. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, Missouri law, and other applicable law;

N. Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 Class members may be entitled; and

O. Such other and further relief as this Court may deem necessary, just, and proper.

**JURY DEMAND**

Plaintiff Jerri McClure, individually and on behalf of all other FLSA Collective and Rule 23 Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: June 26, 2026

By: /s/ Eric Sands

Eric Sands (admitted pro hac vice)
Nicholas Conlon (admitted pro hac vice)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
eric.sands@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including:

Christopher Michalski
Terrina G. LaVallee
LITTLER MENDELSON PC - Pittsburgh
One PPG Place, Suite 2400
Pittsburgh, PA 15222
Email: Cmichalski@littler.com
Email: Tlavallee@littler.com

Patricia J. Martin
LITTLER MENDELSON PC - St. Louis

7777 Bonhomme Avenue, Suite 1220
Clayton, MO 63105
Email: Pmartin@littler.com

/s/ Eric Sands
Eric Sands